Deby HANSEN, Plaintiff—Appellant,

v.

Jo Anne BARNHART,* Commissioner, Social Security Administration, Defendant—Appellee.

No. 02–15120.
D.C. No. CV–00–05888–DLB.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2003.**

Decided March 27, 2003.

---

* Jo Anne Barnhart, is substituted for her predecessor, Larry G. Massanari, as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM ***

Deby Hansen appeals the district court's entry of summary judgment in favor of the Commissioner of Social Security, affirming the Commissioner's final decision to deny Hansen's application for disability benefits

under Title II of the Social Security Act. We affirm.

I

Hansen argues that the ALJ who rendered the Commissioner's final decision improperly discredited the medical opinion of Dr. Reinking, her treating physician. However, if a treating physician's opinion is inconsistent with other substantial evidence in the record, the ALJ may rely on the contrary medical opinion of examining physicians by providing "specific and legitimate" reasons that are supported by substantial evidence in the record. *See Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir.2001). "Substantial evidence" may take the form of the opinion of a non-treating or non-examining physician if that opinion is consistent with independent clinical findings or with other evidence in the record. *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002). An ALJ can satisfy the burden of providing specific and legitimate reasons "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989) (quoting *Cotton v. Bowen,* 799 F.2d 1403, 1408 (9th Cir.1986) (internal quotation marks omitted)).

■ Here, the ALJ offered a detailed summary of Hansen's medical history, including the observations of other treating as well as examining physicians, and then gave a number of specific reasons for rejecting Dr. Reinking's opinion. The ALJ noted that Dr. Reinking's opinion was not based on his own objective findings. While the ALJ did not specifically address Dr. Reinking's deposition testimony and incorrectly stated that Dr. Reinking had

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

last met with Hansen two years before rendering his opinion when in fact it was one year, these errors are harmless. The ALJ specifically discussed Dr. Reinking's medical assessment, which was consistent with his deposition; both lack objective evidence to substantiate Dr. Reinking's opinion that Hansen could not work at all. The ALJ noted that there were no ongoing significant objective clinical findings, and that no other doctors had found that Hansen suffered from a disabling impairment that would prevent sedentary work. He also took note of evidence that Hansen was able to cook, shop, do light housework, drive, work on crossword and jigsaw puzzles, and travel, which he found inconsistent with her testimony at the hearing that she spends half the day elevating her leg. These specific reasons for rejecting Dr. Reinking's opinion are legitimate and are supported by substantial evidence.

## II

Hansen further contends that the ALJ improperly determined that she was not wholly credible. In order to discredit a claimant's allegations of disabling pain, an ALJ must make specific findings to ensure that the claimant's testimony is not arbitrarily discounted. *Thomas*, 278 F.3d at 958. If an ALJ's specific credibility finding is supported by substantial evidence, "we may not engage in second-guessing." *Id.* at 959. Here, the ALJ found that Hansen had impairments that could reasonably be expected to produce pain, but made a specific finding that Hansen's claims of disabling pain were not credible because she was able to engage in a wide range of household activities. This finding by itself is sufficient to discredit Hansen's claims and to discount her subjective complaints. *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir.1991); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999). Nor are we persuaded by Hansen's argument that the ALJ's credibility finding is contrary to her record of continuous medical treatment for pain, her use of narcotic drugs, and Dr. Reinking's deposition testimony that she experienced side effects from medications he had prescribed for her. The ALJ acknowledged that she experienced side effects, but concluded that the medical records present no credible indication that medications have resulted in more than a minimal restriction on her ability to perform work activity. As the ALJ's negative credibility assessment is supported by substantial evidence, we see no basis for upsetting it.

AFFIRMED.